DLD-017                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2397
_____

ANTHONY LIVINGSTON,
                                        Appellant

v.

LIEUTENANT SHERMAN;
LIEUTENANT MILLER;
LIEUTENANT AGONES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1-16-cv-00039)
District Judge:  Honorable John E. Jones III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 19, 2017
Before: JORDAN, SHWARTZ, and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 24, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Anthony Livingston appeals from the District Court's order granting a motion for summary judgment. For the reasons that follow, we will summarily affirm.

In January 2016, Livingston, a prisoner at United States Penitentiary - Lewisburg at all relevant times, filed a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Lieutenants Sherman, Miller, and Agones, claiming that he suffered scars and dark spots on his body after being placed in restraints by them. Livingston asserted that he filed the necessary forms (BP-9, BP-10, BP-11) to comply with the grievance procedure, and that prison officials conducted an investigation.

In October 2017, defendants filed a motion to dismiss or, in the alternative, for summary judgment, arguing that Livingston failed to exhaust his administrative remedies. In his brief of opposition, Livingston reasserted his claim that he did exhaust his administrative remedies. The District Court granted defendants' motion for summary judgment. After unsuccessfully asking for reconsideration, Livingston timely appealed. On appeal, Livingston asks for the appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm if an appeal lacks substantial merit. LAR 27.4 and I.O.P. 10.6. We exercise plenary review over a District Court order for summary judgment. <u>See</u> <u>Giles v. Kearney</u>, 571 F.3d 318, 322 (3d Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

2

matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

An inmate may not bring a suit alleging unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

The Bureau of Prisons (BOP) has established a multi-tier system in which a federal prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. If an inmate is unable to informally resolve his complaint, he must file a formal written complaint to the warden on the appropriate form (BP-9)

3

within twenty days of the date on which the subject matter of the complaint occurred. 28 C.F.R. § 542.14(a). Subsequent administrative appeals are to the Regional Director (form BP-10) and the Central Office of the BOP (form BP-11). 28 C.F.R. §§ 542.14-542.15.

We agree with the District Court's entry of summary judgment against Livingston. As the moving party, the defendants bore the burden to show that there was no genuine issue of fact, and, as the District Court concluded, they met that burden. In support of their motion for summary judgment, defendants submitted the BOP's entire file relating to Livingston's grievances and disciplinary proceedings. These submissions showed that Livingston did exhaust his administrative remedies as to several Discipline Hearing Officer (DHO) decisions, including an appeal (case number 729172) from a disciplinary determination that Livingston assaulted an officer during an incident which resulted in the guard placing Livingston on the ground to regain control. But the record revealed that he did not submit even an initial grievance in regards to the matters alleged in his complaint.

Without providing documents or affidavits, Livingston simply contended in response that he initiated the administrative appeal process in case number 729172. As noted, however, that case concerned Livingston's appeal of a disciplinary determination. It may be that the facts underlying that case are related to Livingston's allegations about the defendants' use of restraints. But even assuming that they are, a

4

disciplinary proceeding about an assault committed by Livingston would not involve consideration of whether he was, at some point after the assault, improperly placed in restraints. See Woodford, 548 U.S. at 89 (explaining that exhaustion of remedies serves, among other things, the purpose of giving the agency "'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court.'" (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992))). Indeed, we note that Livingston did not mention the claims alleged in his complaint in the appeal forms for the DHO decision. Thus, we must conclude that Livingston did not meet his burden of showing the genuine existence of any material issue as to exhaustion. See Anderson, 477 U.S. at 249; Celotex Corp., 477 U.S. at 322-23.

The District Court also examined Livingston's claims under the Federal Tort Claims Act (FTCA). 28 U.S.C. § 2679(b)(1). Based on the BOP's file relating to Livingston's grievances and disciplinary proceedings, the District Court concluded that Livingston could not succeed with a FTCA claim since he had not filed an administrative tort claim. "No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). We agree.

Finally, we conclude that the District Court did not abuse its discretion in denying Livingston's Fed. R. Civ. P. 59 motion for reconsideration, where he

5

explained the Eighth Amendment standard for excessive force and cited to Supreme Court cases, but did not provide a sound reason as to why the District Court should reexamine its conclusion about exhaustion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal and will thus summarily affirm the District Court's order granting summary judgment to the defendants. Livingston's motion for appointment of counsel is denied.[1]

---

[1] The District Court did not abuse its discretion in denying Livingston's two motions for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).